UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

Checarol Robinson,

       Defendant.

_____/

Case No. 12-20267

Honorable Nancy G. Edmunds

## ORDER DENYING DEFENDANT ROBINSON'S MOTION TO REDUCE OR MODIFY SENTENCE [47]

Before the Court is Defendant Checarol Robinson's motion to reduce or modify her sentence.  (Dkt. 47.)  The Government has filed a response.  (Dkt. 50.)  For the reasons discussed below, the Court DENIES Defendant's motion.

In May, 2012, the Government indicted Defendant and a co-defendant with seven counts of violations of 18 U.S.C. § 1349 (conspiracy to commit healthcare fraud) and 18 U.S.C. § 1347 (health care fraud).  (Dkt. 3.)

On August 2, 2012, Defendant pleaded guilty to four counts of the indictment.  (Dkt. 40.)

On May 22, 2013, the Court sentenced Defendant to forty months of imprisonment for her violations.  (Dkt. 46.)  The Court further sentenced Defendant to two years of supervised release and ordered restitution in the amount of $599,438.78.  (*Id.*)

On September 17, 2013, Defendant filed her motion to reduce or modify her sentence. (Dkt. 47.)  In making her motion, Defendant suggests that there are "pointers" that the

Court did not consider at sentencing.  (Def.'s Mot. at 1.)  Defendant references several of the factors in 18 U.S.C. § 3553(a), which lists factors a court is to consider when imposing a sentence, and compares those factors to her situation.  (*Id.* at 3-4.)  She also reviews several of the actions that she has taken in prison that shows initiative and her desire to rehabilitate herself.  (*Id.* at 4.)

Defendant requests a reduction in her sentence to effect an early release.  (Def.'s Mot. at 4.)

The Government argues that the Court lacks the authority to reduce Defendant's sentence.  (Gov't's Resp. at 2.)  The Government is correct.

18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment unless a statute or Federal Rule of Criminal Procedure 35 permits it.  The Rule provides that a court may reduce a sentence when it has made a mathematical, technical, or clear error, within fourteen days of judgment, or upon the government's motion for the defendant's substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35.

At the May 13, 2013 sentencing, the Court discussed the 18 U.S.C. § 3553(a) factors on the record and stated how it calculated the sentence with respect to Defendant. The Court noted that it found Defendant's co-defendant more culpable than Defendant.  The Court therefore reasoned that it would impose a lesser sentence on Defendant than it imposed on her co-defendant.  The Court also noted that Defendant was a first-time offender and had, up to the point of this crime, lived a law-abiding life.  The Court, though, also stressed the gravity of the offenses to which Defendant admitted.  The Court found that Defendant took advantage of the most vulnerable of people.

The Court denies Defendant's request.  Here, the Court finds that there is no authority for the Court to reduce Defendant's sentence.  Given Defendant's participation in the prison warehouse work position, her completion of Bible classes, and other strides she has made in prison, the Court notes that Defendant does appear to be rehabilitating.  The Court applauds her rehabilitation, but that rehabilitation, one of imprisonment's purposes, does not permit a reduction in her sentence.

The Court DENIES Defendant's motion.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 5, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 5, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager